Judge McMahon

HUNTER & KMIEC
JAMES A. HUNTER (JH-1910)
150 East 44th Street, No. 9A
New York, New York 10017
Telephone: (646) 666-0122
Facsimile: (646) 462-3356
hunter@hunterkmiec.com

**10 CIV 6747**

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA ANN GABRIELE CHECHELE,

    Plaintiff,

– v. –

STEPHEN N. JOFFE, CRAIG P.R. JOFFE, and ALAN H. BUCKEY,

    Defendants,

– and –

LCA-VISION INC.,

    Nominal Defendant.

No. _____

ECF CASE

COMPLAINT FOR RECOVERY
OF SHORT-SWING PROFITS
UNDER 15 U.S.C. § 78p(b)

RECEIVED
SEP 10 2010
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff Donna Ann Gabriele Chechele, by her attorneys Hunter & Kmiec, hereby complains of Defendants, averring as follows:

**JURISDICTION AND VENUE**

      1.    This action arises under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "<u>Act</u>"), 15 U.S.C. § 78p(b). Jurisdiction is conferred upon this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.

2. The purchases and sales of securities described herein were executed in ordinary brokerage transactions through the facilities of The NASDAQ Stock Market LLC, a national securities exchange registered pursuant to Section 6 of the Act, 15 U.S.C. § 78f, and located in this District. Venue is properly laid in this District pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.

### THE PARTIES

3. Plaintiff Donna Ann Gabriele Chechele is a New Jersey resident and shareholder of nominal Defendant LCA-Vision Inc.

4. Nominal Defendant LCA-Vision Inc. is a Delaware corporation with principal offices at 7840 Montgomery Road, Cincinnati, Ohio 45236. This action is brought in the right and for the benefit of LCA-Vision Inc., which is named as a nominal party solely to have all necessary parties before the Court.

5. Defendant Stephen N. Joffe, founder and former Chairman and CEO of LCA-Vision Inc., is an individual who, upon information and belief, resides in Cincinnati, Ohio.

6. Defendant Craig P.R. Joffe, former Chief Operating Officer and General Counsel of LCA-Vision Inc., is an individual who, upon information and belief, resides in Cincinnati, Ohio.

7. Defendant Alan H. Buckey, former Executive Vice President and Chief Financial Officer of LCA-Vision Inc., is an individual who, upon information and belief, resides in Cincinnati, Ohio.

## STATUTORY REQUISITES

8. The violations of Section 16(b) of the Act described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

9. At all relevant times, the common stock of LCA-Vision Inc. was registered pursuant to Section 12 of the Act, 15 U.S.C. § 78*l*, and was listed for trading on the NASDAQ Global Select Market.

10. Demand for prosecution was made on LCA-Vision Inc. by Plaintiff on June 30, 2010. More than 60 days have passed since such demand was made, during which time LCA-Vision Inc. has failed to file suit. Further delay in filing suit would be a futile gesture.

11. This action is brought within two years of the occurrence of the violations described herein or within two years of the time when reports required by Section 16(a) of the Act, 15 U.S.C. § 78p(a), setting forth the substance of the transactions here complained of were first filed with the U.S. Securities and Exchange Commission.

## FACTUAL ALLEGATIONS

12. Beginning no later than October 28, 2008, and ending no earlier than March 26, 2009 (the "Group Period"), Defendants Stephen N. Joffe, Craig P.R. Joffe, and Alan H. Buckey together formed a shareholder "group," as that term is used in Section 13(d) of the Act, 15 U.S.C. § 78m(d), and Rule 13d-5(b)(1) thereunder, 17 C.F.R. § 240.13d-5(b)(1), for the purpose of acquiring, holding, voting, or disposing of shares of

the common stock of LCA-Vision Inc. (the "LCAV Shareholder Group"). The existence of the LCAV Shareholder Group, and each non-nominal Defendant's participation therein, were expressly affirmed in a Statement of Acquisition of Beneficial Ownership on Schedule 13D, jointly filed by Defendants Stephen N. Joffe, Craig P.R. Joffe, and Alan H. Buckey with the U.S. Securities and Exchange Commission on November 5, 2008.

13. At all relevant times during the Group Period, the members of the LCAV Shareholder Group beneficially owned, in the aggregate, in excess of 10% of the outstanding shares of the common stock of LCA-Vision Inc.

14. By virtue of his membership in the LCAV Shareholder Group, each non-nominal Defendant was deemed, at all relevant times during the Group Period, to have beneficially owned in excess of 10% of the outstanding shares of the common stock of LCA-Vision Inc. for purposes of Section 16(b) of the Act.

15. Although the LCAV Shareholder Group purported to disband on March 26, 2009, each member thereof remained subject to Section 16(b) pursuant to the opinion of the U.S. Court of Appeals for the Second Circuit in *Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007). In particular, each member of the LCAV Shareholder Group remained liable for any transaction in the common stock of LCA-Vision Inc. occurring within six months of a matchable purchase or sale executed within the Group Period.

-5-

## FIRST CLAIM FOR RELIEF
## (AS TO STEPHEN N. JOFFE)

16. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-15 above.

17. Defendant Stephen N. Joffe purchased shares of the common stock of LCA-Vision Inc. on the dates, in the amounts, and at the prices set forth below:

| Date of Purchase | Number of Shares | Price per Share |
|---|---|---|
| 10/29/2008 | 140,652 | $2.29 |
| 10/31/2008 | 20,700 | $2.45 |

18. Defendant Stephen N. Joffe sold shares of the common stock of LCA-Vision Inc. on the date, in the amount, and at the price set forth below:

| Date of Sale | Number of Shares | Price per Share |
|---|---|---|
| 04/27/2009 | 431,857 | $5.45 |

19. The sale by Defendant Stephen N. Joffe described in paragraph 18 above occurred within six months of, and at a price higher than, each of the purchases by Defendant Stephen N. Joffe described in paragraph 17 above.

20. The pecuniary interest in all shares described in paragraphs 17-19 above belonged entirely to Defendant Stephen N. Joffe.

21. Under the "highest-in, lowest-out" method for computing realized profits pursuant to Section 16(b) of the Act, Defendant Stephen N. Joffe realized recoverable profits of $506,560.32, more or less, as a result of the transactions set forth in paragraphs 17-18 above.

22. Pursuant to Section 16(b) of the Act, the profits realized by Defendant Stephen N. Joffe and described in paragraph 21 above accrued to the benefit of and are the lawful property of LCA-Vision Inc., recoverable by Plaintiff in its stead, LCA-Vision Inc. having failed or refused to seek recovery of the same.

### SECOND CLAIM FOR RELIEF
### (AS TO CRAIG P.R. JOFFE)

23. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-22 above.

24. Defendant Craig P.R. Joffe purchased shares of the common stock of LCA-Vision Inc. on the dates, in the amounts, and at the prices set forth below:

| Date of Purchase | Number of Shares | Price per Share |
|---|---|---|
| 10/29/2008 | 20,000 | $2.31 |
| 11/04/2008 | 9,100 | $2.72 |

25. Defendant Craig P.R. Joffe has not publicly reported the sale of any shares of the common stock of LCA-Vision Inc., but Plaintiff avers, upon information and belief, that such sales occurred, Defendant Craig P.R. Joffe having failed or refused to deny the same upon inquiry from Plaintiff's counsel.

26. Upon information and belief, Plaintiff avers that some or all of the sales by Defendant Craig P.R. Joffe described in paragraph 25 above occurred at prices higher than, and within six months of, the purchases by Defendant Craig P.R. Joffe described in paragraph 24 above.

27. The pecuniary interest in all shares described in paragraphs 24-26 above belonged entirely to Defendant Craig P.R. Joffe.

28. As a result of the transactions set forth in paragraphs 24-25 above, Defendant Craig P.R. Joffe realized recoverable profits in an amount to be determined at trial following discovery.

29. Pursuant to Section 16(b) of the Act, the profits realized by Defendant Craig P.R. Joffe and described in paragraph 28 above accrued to the benefit of and are the lawful property of LCA-Vision Inc., recoverable by Plaintiff in its stead, LCA-Vision Inc. having failed or refused to seek recovery of the same.

### THIRD CLAIM FOR RELIEF
### (AS TO ALAN H. BUCKEY)

30. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-29 above.

31. Defendant Alan H. Buckey purchased shares of the common stock of LCA-Vision Inc. on the dates, in the amounts, and at the prices set forth below:

| Date of Purchase | Number of Shares | Price per Share |
|---|---|---|
| 10/29/2008 | 18,000 | $2.29 |
| 10/30/2008 | 10,000 | $2.50 |
| 10/31/2008 | 1,900 | $2.46 |
| 11/04/2008 | 10,000 | $2.79 |

32. Defendant Alan H. Buckey has not publicly reported the sale of any shares of the common stock of LCA-Vision Inc., but Plaintiff avers, upon information and belief, that such sales occurred, Defendant Alan H. Buckey having failed or refused to deny the same upon inquiry from Plaintiff's counsel.

33. Upon information and belief, Plaintiff avers that some or all of the sales by Defendant Alan H. Buckey described in paragraph 32 above occurred at prices

higher than, and within six months of, the purchases by Defendant Alan H. Buckey described in paragraph 31 above.

34. The pecuniary interest in all shares described in paragraphs 31-33 above belonged entirely to Defendant Alan H. Buckey.

35. As a result of the transactions set forth in paragraphs 31-32 above, Defendant Alan H. Buckey realized recoverable profits in an amount to be determined at trial following discovery.

36. Pursuant to Section 16(b) of the Act, the profits realized by Defendant Alan H. Buckey and described in paragraph 35 above accrued to the benefit of and are the lawful property of LCA-Vision Inc., recoverable by Plaintiff in its stead, LCA-Vision Inc. having failed or refused to seek recovery of the same.

### FOURTH CLAIM FOR RELIEF
### (AS TO ALL NON-NOMINAL DEFENDANTS)

37. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-36 above.

38. This Fourth Claim for Relief is a precaution against possible errors of detail attributable to gaps or inaccuracies in the public record, the failure of the LCAV Shareholder Group and its members to file reports as required by Section 16(a) of the Act, or against the discovery or execution of additional short-swing trades during the course of this action.

39. Each non-nominal Defendant purchased and sold shares of the common stock (or derivative securities thereof) of LCA-Vision Inc. within periods of less

than six months while the LCAV Shareholder Group beneficially owned, in the aggregate, in excess of 10% of the outstanding shares of LCA-Vision Inc.'s common stock (or while such non-nominal Defendant remained subject to Section 16(b) pursuant to the opinion of the U.S. Court of Appeals for the Second Circuit in *Roth*).

40. These sales and purchases cannot be identified by Plaintiff with specificity because they have not been publicly reported, and Defendants Stephen N. Joffe, Craig P.R. Joffe, and Alan H. Buckey failed or refused to disclose these trades (or the lack thereof) upon inquiry from Plaintiff's counsel.

41. These sales and purchases within periods of less than six months may be matched against each other using the "lowest-in, highest-out" method to arrive at profits, their exact amount being unknown to Plaintiff, which profits accrued to the benefit of and are the lawful property of LCA-Vision Inc., recoverable by Plaintiff in its stead, LCA-Vision Inc. having failed or refused to seek recovery of the same.

## DEMAND FOR JURY TRIAL

42. Plaintiff respectfully demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment:

(a) Requiring each of Stephen N. Joffe, Craig P.R. Joffe, and Alan H. Buckey to account for and pay over to LCA-Vision Inc. the short-swing profits realized and retained by him in violation of Section 16(b) of the Act,

together with appropriate pre- and post-judgment interest and the costs of this suit;

(b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) Granting to Plaintiff such other further relief as the court may deem just and proper.

Dated: September 10, 2010
New York, New York

HUNTER & KMIEC

By: _____
JAMES A. HUNTER
150 East 44th Street, No. 9A
New York, New York 10017
Telephone: (646) 666-0122
Facsimile: (646) 462-3356
hunter@hunterkmiec.com

*Attorneys for Plaintiff*